UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>JOHN DOE subscriber assigned IP address 32.208.163.109,<br><br>         Defendant. | Civil Action No. 3:21-cv-00938 (CSH)<br><br>AUGUST 26, 2021 |

**MEMORANDUM AND ORDER ON
PLAINTIFF STRIKE 3 HOLDINGS, LLC'S MOTION FOR LEAVE
TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**HAIGHT, Senior District Judge:**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") has brought this action pursuant to 17 U.S.C. § 501 *et seq.* against Defendant John Doe subscriber assigned IP address 32.208.163.109 ("Defendant"), alleging that Defendant has copied and distributed elements of 40 of Plaintiff's adult-oriented motion pictures using the BitTorrent protocol, and that Defendant has done so without Plaintiff's consent, thereby violating Plaintiff's copyrights pursuant to the Copyright Act. *See generally* Doc. 1.[1] Plaintiff claims to have uncovered Defendant's copying and distribution of Plaintiff's motion pictures through "VXN Scan," an infringement detection system developed, owned, and operated by Plaintiff. *Id.* ¶¶ 27–39. Plaintiff alleges that geolocation technology provided by Maxmind Inc. has traced Defendant's IP address to a location in this District. *Id.* ¶ 9. Defendant presently is known to Plaintiff exclusively by Defendant's IP address; Plaintiff alleges that the name and physical address of the subscriber assigned the IP address associated with

---

[1] The Court takes judicial notice that, as of the date of this order, Plaintiff has filed 147 cases against various John Doe defendants in this District since October 2017, bringing similar allegations of copyright infringement.

Defendant only can be identified by Defendant's internet service provider ("ISP"), Frontier Communications ("Frontier"). *Id.* ¶¶ 5, 12.

Plaintiff now seeks this Court's leave to serve a third party subpoena on Frontier prior to a Rule 26(f) conference, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. *See* Doc. 4. Plaintiff states that discovery pursuant to the subpoena of Frontier is meant to be "limited," with the aim that it "may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." Doc. 4-1 at 1–2. Plaintiff represents that it "will only use this information to prosecute the claims made in its Complaint." *Id.* at 2. Plaintiff additionally states that "its goal is to not publicly disclose the choices that people make regarding the content they wish to enjoy," and it explicitly disclaims any intention "to force anyone to settle unwillingly, especially anyone that is innocent." *Id.* at 3. Accordingly, Plaintiff represents that "Strike 3 does not seek settlements unless initiated by a defendant or a defendant's counsel" and that it "has a policy to: (1) enter into confidentiality agreements with defendants to facilitate resolution of a case; and (2) stipulate to requests by defendant for the entry of orders in litigation to maintain the confidentiality of a defendant's identity." *Id.*

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether such an order permitting early discovery should issue, the Court "appl[ies] a 'flexible standard of reasonableness and good cause.'" *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, No. 16 Civ. 02462 (AJN), 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (quoting *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. Jan. 30, 2012)). *See also Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 152–53 (D. Conn. 2008) (applying "good cause" standard to request for expedited

discovery). Where an early discovery request seeks information from an ISP regarding a subscriber who is a party to copyright infringement litigation, the Court weighs "(1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy." *Malibu Media, LLC v. Doe*, No. 18 Civ. 1035 (CSH), 2018 WL 3302595, at *2 (D. Conn. July 5, 2018) (quoting *Arista Records LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010)).

Having considered Plaintiff's Complaint and appended exhibit; Plaintiff's motion, supporting memorandum of law, and accompanying declarations; and the relevant caselaw; I find that good cause has been shown to grant Plaintiff's motion. It is clear to the Court, as in similar cases, that Plaintiff's Complaint makes out a *prima facie* claim of copyright infringement; that Plaintiff seeks a limited range of information from Frontier to identify Defendant; that Frontier's records provide the only means of identifying the subscriber associated with the IP address 32.208.163.109; that Plaintiff will be unable to prosecute this action without obtaining Defendant's information from Frontier; and that Plaintiff's interest in protecting its copyrights from alleged mass infringers outweighs Defendant's right to privacy under the present circumstances. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 20 Civ. 960 (CSH), 2020 WL 7264897 (D. Conn. Oct. 16, 2020); *Strike 3 Holdings, LLC v. Doe*, No. 18 Civ. 2120 (CSH), 2019 WL 927353 (D. Conn. Feb. 26, 2019).

However, like my colleagues in this District and judges in other District Courts, I am concerned with the imprecision of digital technologies in identifying alleged copyright infringers, as well as with the risks of coercive settlement practices in cases like the one at the bar. The Court

therefore will impose additional conditions to protect Defendant's privacy as this action proceeds and to prevent discovery abuse. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 21 Civ. 633 (MPS), 2021 WL 2688798, at *2–*4 (D. Conn. June 30, 2021) (granting, for good cause shown, plaintiff's motion for third party discovery of defendant's name and physical address, while imposing conditions to "ensure that the discovery process does not enable the plaintiff to engage in coercive settlement practices," and in view of possible limitations on the accuracy of geolocation technologies); *see also Strike 3 Holdings, LLC v. Doe*, No. 21 Civ. 3971 (LJL), 2021 WL 1910590, at *2 (S.D.N.Y. May 12, 2021) ("In cases involving the distribution of adult content, however, courts have regularly found that a protective order should issue in connection with the subpoena 'in light of the substantial risk for false positive identifications that could result in annoyance, embarrassment, oppression, or undue burden or expense.'" (quoting *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 522 (S.D.N.Y. 2019)).

Accordingly, Plaintiff's motion is GRANTED, and the Court enters the following orders:

1. Plaintiff shall serve a Rule 45 subpoena on Frontier, Defendant's ISP, to obtain Defendant's name and current (or last-known) physical address. Plaintiff may *not* subpoena Frontier for Defendant's e-mail address(es) or telephone number(s).

2. Plaintiff shall serve Frontier with a copy of the Complaint, this Order, and the subpoena not later than **14 days after the entry of this Order**, and Plaintiff shall file proof of such service with the Court concurrently.

3. Within **14 days from the date of service** of the Rule 45 subpoena upon it, Frontier shall serve Defendant with:

    a. Notice that this suit has been filed naming Defendant as the person who allegedly downloaded and distributed copyright-protected work;

4

  b. A copy of the Complaint, this Order, and the subpoena;

  c. Notice that Frontier will comply with the subpoena and produce to Plaintiff the information sought in the subpoena unless, **within 60 days of service** of the subpoena on Defendant by Frontier, Defendant files a motion to quash the subpoena or for other appropriate relief in this Court.

4. Frontier may serve Defendant with the items identified in the preceding paragraph using any reasonable means, including written notice sent by mail to Defendant's current (or last-known) address.

5. Defendant shall have **60 days from the date of service** of the Rule 45 subpoena, the Complaint, and this Order upon him or her to file any motions with this Court contesting the subpoena, including a motion to quash or modify the subpoena. **Frontier may not turn over the identifying information of Defendant to Plaintiff before the expiration of this 60-day period**, given the appreciable possibility that users other than the official subscriber known to Frontier have used the IP address in question. If Defendant contests the subpoena, he or she shall promptly notify Frontier before the expiration of the 60-day period. Additionally, if Defendant or Frontier files a motion contesting the subpoena, **Frontier may not turn over any information to Plaintiff until those motions have been addressed and the Court issues an order instructing Frontier to resume turning over the requested discovery**.

6. Alternatively, if the 60-day period referenced in the preceding paragraph elapses without Defendant or Frontier contesting the subpoena, Frontier shall have **14 days** thereafter to produce to Plaintiff the information that is responsive to the subpoena.

7. Plaintiff shall have **60 days** from the date that it receives the subpoenaed information from Frontier to effect service on Defendant. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*.") (emphasis added).

8. **Defendant shall be permitted to litigate this case anonymously unless and until the Court orders otherwise.** The Court will not require Defendant to proceed under his or her own name without providing Defendant an opportunity to challenge the disclosure of his or her identity, including an opportunity to challenge the technology used to identify Defendant's IP address. Therefore, Plaintiff is ORDERED not to publicly file any of Defendant's identifying information, and further is directed to file all documents containing Defendant's identifying information under seal until such time as the Court may order otherwise.

9. Plaintiff only may use Defendant's name and physical address, if obtained from Frontier, for the purposes of protecting Plaintiff's rights in this litigation. Plaintiff is ORDERED not to disclose Defendant's name or address, or any other identifying information other than Defendant's IP number that Plaintiff may subsequently learn, absent further order of the Court. Plaintiff shall not, under any circumstances, threaten to disclose any of Defendant's identifying information. Plaintiff may not solicit settlement of this case prior to service of the Complaint upon the Defendant.

10. Frontier shall preserve any subpoenaed information pending the resolution of any timely filed motions by Frontier or Defendant.

11. Frontier shall confer with Plaintiff regarding the production of the information sought by way of Plaintiff's subpoena and shall not assess any charge for such production in advance of actually providing the information requested in the subpoena. If Frontier ultimately produces the information sought by Plaintiff, following the resolution of any relevant motions by this Court or the passage of all applicable deadlines, it may elect to charge Plaintiff for the costs of production; if Frontier so elects to recover the costs of production, it shall provide a billing summary and cost report to Plaintiff.

12. Plaintiff shall file on the docket, under seal, the terms of any settlement agreement with Defendant. Should Plaintiff choose to dismiss this case for reasons other than settlement, it shall file a statement so indicating and identifying those reasons on the docket. Failure to comply with this or any of the foregoing conditions will result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f)(1)(C). Even after dismissal, the Court will retain jurisdiction for the purposes of enforcing this Order.

It is SO ORDERED.

Dated: New Haven, CT
August 26, 2021

*s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge